UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FILED**

**April 6, 2005**

RUCHELL CINQUE MAGEE (#A92051)

VERSUS                                                CIVIL ACTION

SECRETARY, DEPARTMENT OF REVENUE                      NUMBER 05-245-D-1
AND TAXATION, ET AL

<u>ORDER</u>

Pro se plaintiff, an inmate at Corcoran State Prison, Corcoran, California, filed this action pursuant to 42 U.S.C. § 1983 against the Secretary of the Louisiana Department of Revenue and Taxation and Melanie Doucet.

Plaintiff filed a motion to proceed in forma pauperis. Record document number 2.

Subsection 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g), as amended.

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) § 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of § 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id.* Dismissals include only those for which appeal has been exhausted or waived. *Id.* However, dismissals later reversed are not to be counted as a strike. *Id.* By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id.*

Plaintiff has, on more than three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous.[1] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury. Plaintiff's claims do not fall under the exception. Therefore;

IT IS ORDERED that the plaintiff is granted 20 days from the date of this order to pay the court's filing fee in the amount of $250. Failure to pay the filing fee within 20 days shall result in the dismissal of the plaintiff's complaint without prejudice.

Baton Rouge, Louisiana, April 6, 2005.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] A partial list of cases dismissed as frivolous or failure to state a claim include: *Magee v. Galaza*, CV 01-5467(E.D. Cal.); *Magee v. Ridge*, CV 99-2082 (M.D. Pa.); *Magee v. Roemer*, CV 98-4801 (C.D. Cal.); *Magee v. Johnson*, CV 95-2037 (E.D. La.).